UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT FRAZIER,

        Plaintiff,

v.

        Case No. 12-cv-14533
        HON. GERSHWIN A. DRAIN

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES, *et al.*,

        Defendants.

_____/

### ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)

Plaintiff, Robert Frazier, is a state prisoner who seeks monetary and injunctive relief against the United States and its agencies. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). This Court must dismiss the Complaint or portion thereof if the prisoner's complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). For the reasons set forth below, Plaintiff's Complaint is DISMISSED.

Plaintiff is a prisoner who filed this action claiming that Defendants have violated his constitutional rights by refusing to allow him to "denounce his citizenship." Plaintiff indicates that he contacted the U.S. Embassy and was informed that he could not renounce his citizenship while in prison. Presumably, Plaintiff was informed of the requirements a

citizen must meet to expatriate. Specifically, 8 U.S.C. § 1481 states in relevant part:

> (a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality–
>    (5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State; or
>    (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense[.][1]

Because Plaintiff is currently incarcerated, he argues that it is unconstitutional for the Defendants to require him to travel to a foreign state in order to renounce his citizenship.

As an initial matter, Plaintiff cannot seek monetary damages against Defendants because they are immune from suit. Under the doctrine of sovereign immunity, "the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also Federal Exp. Corp. v. U.S. Postal Serv.*, 151 F.3d 536, 539 (6th Cir. 1998)("The federal courts may exercise subject matter jurisdiction over a cause prosecuted against a federal agency only if the United States has consented to be sued by waiving sovereign immunity.").

As to Plaintiff's request for injunctive relief "to annull [sic] the plaintiff's citizenship," courts have held that a prisoner has no right to extraordinary expatriation procedures. *See Koos v. Holm*, 204 F.Supp.2d 1099, 1108 (W.D. Tenn. 2002). In *Koos*, the plaintiff was a

---

[1] 8 U.S.C. § 1481(a)(6) is inapplicable here despite the United States involvement in "military engagements" in Iraq and Afghanistan. Subsection (a)(6) is applicable when the United States has formally made a declaration of war.

federal inmate seeking to renounce his citizenship and sought judicial intervention when he was denied a Certificate of Loss of Nationality.  *Id.* at 1108 ("Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.").  Thus, as in *Koos*, Plaintiff has lost his right to renounce his citizenship while he is incarcerated.  Until he has served his sentence, he will not be free to perform those acts needed to renounce his citizenship.

Accordingly, Plaintiff's Complaint is DISMISSED because it fails to state a claim upon which relief may be granted.

SO ORDERED.

Dated:  November 5, 2012

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served
upon attorneys of record on
November 5, 2012, by electronic mail.

/s/ Tanya Bankston
Deputy Clerk